UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JESSICA R. ELY,**

Plaintiff,

v. **No. 4:25-cv-01467-P**

**THE L MAKEUP AGENCY AND INSTITUTE, LLC, ET AL.,**

Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 16, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 84. The Magistrate Judge recommended that Defendants' Motion for Judgment on the Pleadings (ECF No. 46) be granted as to all of Plaintiff's claims against Defendants. ECF No. 84 at 15. In particular, the Magistrate Judge recommended that:

1. Plaintiff's claims against Defendant Andrea Graham be dismissed without prejudice because Plaintiff failed to serve Graham;
2. Plaintiff's claims against Defendant The L Makeup Agency and Institute, LLC (the "L Makeup Institute" or "Institute") be dismissed with prejudice because those claims are barred by *res judicata*; and
3. Plaintiff's claims against Defendants Kyle and Lissette Waugh (the "Waughs") be dismissed with prejudice because those claims fail as a matter of law and cannot be cured by filing an amended complaint.

ECF No. 84 at 15–16.

Plaintiff filed a number of documents that might be interpreted as containing objections to the Magistrate Judge's FCR. *See* ECF Nos. 85, 86, 90.[1] Rather than making specific objections to the Magistrate Judge's findings and conclusions, those filings primarily make arguments on issues outside the scope of the FCR. Federal law requires Plaintiff to object to specific portions of the Magistrate Judge's findings and conclusions. 28 U.S.C. § 636(b)(1). To afford Plaintiff leniency, however, and to ensure a thorough review, the Court will conduct *de novo* review of not only the Magistrate Judge's findings and conclusions, but also the other issues raised in Plaintiff's subsequent filings.

The Court has conducted a *de novo* review of the following:

1. The pleadings and record;
2. The FCR of the United States Magistrate Judge (ECF No. 84);
3. Plaintiffs' written objections to the FCR (ECF Nos. 85, 86, 90);
4. Defendant's response to those objections (ECF No. 89); and
5. The applicable law.

It now evaluates the Magistrate Judge's FCR and the other issues raised in Plaintiff's written objections.

## BACKGROUND

*Pro se* Plaintiff Jessica R. Ely briefly attended the L Makeup Institute, a cosmetology school in Southlake, Texas. ECF No. 84 at 1. The L Makeup Institute is owned by Kyle and Lissette Waugh. ECF No. 84 at 2. Upon enrolling, Ely signed an enrollment agreement requiring her to pre-pay her tuition each month. ECF No. 84 at 2 n.2. Less than a month into her classes, the Institute's employees began to claim that Ely was behind in paying her tuition. ECF No. 84 at 2. After multiple warnings, Ely alleges that Kyle Waugh gave her an ultimatum: Pay her owed tuition in full or leave the school. Ely decided to leave. ECF No. 84 at 2.

---

[1] The Court notes that Plaintiff's filings—which appear to be generated through artificial intelligence—toe the line of incomprehensibility. Because Plaintiff is proceeding *pro se*, however, the Court does its best to generously interpret her filings.

In her time at the L Makeup Institute, Ely alleges the Waughs and her fellow classmates bullied and harassed her due to her post-traumatic stress disorder and participation in a Texas Workforce Commission rehabilitation program. ECF No. 84 at 2. She also alleges that the Waughs and the Institute's employees have harassed her on social media. ECF No. 84 at 3.

In May 2024, the L Makeup Institute sued Ely in state court in Tarrant County to recover $3,943.05 in unpaid tuition. ECF No. 84 at 3. Ely failed to respond to the suit, and the court entered a default judgment against her. When Ely eventually moved for relief from that judgment, the court denied her motion. ECF No. 84 at 3.

This case arose in August 2025 when Ely sued the Institute, the Waughs, and Institute employee Andrea Graham in the United States District Court for the Western District of Texas. ECF No. 84 at 3. Ely's Complaint alleges Defendants breached the enrollment agreement, filed an "illegal lawsuit,"[2] engaged in discrimination under Title VI, and committed both negligent and intentional infliction of emotional distress. ECF No. 84 at 3. The original district judge transferred the case to this Court. *See* ECF No. 22.

On July 15, 2026, Defendants filed their Motion for Judgment on the Pleadings. ECF No. 46. Defendants argue that Plaintiff's suit is barred by *res judicata* and that her claims all fail as a matter of law. On October 16, Magistrate Judge Cureton recommended that Defendants' Motion be granted. ECF No. 84 at 15.

## LEGAL STANDARD

Courts decide a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same standard as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that

---

[2] Plaintiff's "illegal lawsuit" claim appears to be a claim that the state court in Tarrant County lacked jurisdiction over the Parties' original lawsuit.

only pleads conclusory allegations—rather than specific, well-pleaded facts—requires dismissal. *Guidry*, 512 F.3d at 281.

The Court must accept as true all well-pleaded allegations in the complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In evaluating a motion to dismiss, the Court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of which it may take judicial notice. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

## ANALYSIS

The Court first conducts a *de novo* review of the findings and conclusions made by the Magistrate Judge concerning Defendants' Motion for Judgment on the Pleadings (ECF No. 46). It then addresses the other issues raised in Plaintiffs' written objections.

### A. The Court adopts the Magistrate Judge's findings and conclusions.

The Magistrate Judge recommended that Defendants' Motion be granted. The Court addresses each ground for dismissal raised in Defendants' Motion.

1. <u>Plaintiff failed to serve Defendant Andrea Graham.</u>

Federal Rule of Civil Procedure 4 requires plaintiffs to serve each defendant within 90 days of filing their complaint. FED. R. CIV. P. 4(m). Failure to timely serve a defendant requires the Court to dismiss plaintiff's claims against that defendant. *Id.* Plaintiff filed her Complaint in this case on August 22, 2025, and failed to serve Defendant Andrea Graham at any point afterward. ECF No. 84 at 6. Accordingly, Plaintiff's claims against Graham must be dismissed without prejudice.

2. <u>Plaintiff's claims against the L Makeup Institute are barred by *res judicata*.</u>

A Tarrant County court entered a default judgment against Plaintiff in a prior lawsuit with the L Makeup Institute. ECF No. 84 at 3. Defendants argue that all of Plaintiff's claims in this case are thus barred by *res judicata*, or claim preclusion. ECF No. 46 at 5–6. The

Magistrate Judge found that only Plaintiff's claims against the L Makeup Institute were barred. ECF No. 84 at 11.

*Res judicata* "prevents the relitigation of a claim or cause of action that has been finally adjudicated" in a prior case. *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). Because Defendants ask the Court to give a Texas court judgment preclusive effect, Texas law on *res judicata* applies. *E. D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982). Texas law requires three elements for a prior judgment to have preclusive effect. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

*First*, a court of competent jurisdiction must have entered a final judgment on the merits in a prior action. The Tarrant County court's prior judgment meets this first element. Under Texas law, a default judgment constitutes a final judgment for preclusion purposes. *See FFGGP, Inc. as trustee of Windward Trace 9131 Land Tr. v. MTGLQ Inv'rs, LP*, 646 S.W.3d 30, 36 (Tex. App.—San Antonio 2022, no pet.) ("A default judgment can constitute a determination on the merits for *res judicata* purposes."). And the Tarrant County court was a court of competent jurisdiction. Under Texas law, jurisdiction belongs to the court of "the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). The L Makeup Institute is located in Tarrant County and Plaintiff entered into the relevant enrollment agreement in Tarrant County. ECF No. 84 at 1–2.

*Second*, the parties—or those in privity with them—must be identical. The prior judgment meets the second element only as to the L Makeup Institute. Of the parties in this case, only Plaintiff and the Institute were parties to the state court action. ECF No. 84 at 3. As owners of the Institute, Kyle and Lissette Waugh are not automatically considered "in privity" with the school. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 688 (Tex. 1996). The Waughs are only in privity with the Institute if they controlled the state court action, their interests were represented by the Institute in that action, or they are the Institute's successors in interest to that action. *Amstadt*, 919 S.W.2d at 653 (citation omitted).

None of those possible grounds for privity apply to the Waughs in this case. The L Makeup Institute did not represent the Waughs' interests in the state court action, as only the Institute, not the Waughs personally, had the right to sue Plaintiff for unpaid tuition. Nothing in the record suggests that the Waughs are the Institute's successors in interest in this case. And no evidence shows that the Waughs controlled the state court action on the Institute's behalf. Although Kyle Waugh offered an affidavit in the state court action, that level of participation does not suggest that the Waughs "had the right to direct" the proceedings for the Institute. *McNeil Ints., Inc. v. Quisenberry*, 407 S.W.3d 381, 389 (Tex. App.—Houston [14th Dist.] 2013). Accordingly, only Plaintiff and the Institute are identical parties for preclusion purposes.

*Third*, the second action must be based on the same claims that were raised or could have been raised in the prior action. The prior judgment meets this last element. Plaintiff's Complaint in this case involves many of the same facts relevant to the state court action. ECF No. 84 at 10. Plaintiff's claims arise from the events that led her to taking a leave of absence from the Institute—the same events that caused the Institute to have a cause of action against Plaintiff for unpaid tuition. And Plaintiff's answer in the state court action includes the substance of all of her claims in this case. ECF No. 84 at 10.[3] All of these facts indicate that Plaintiff could have brought her claims in the original state court action. *Barr*, 837 S.W.2d at 628.

The Court therefore holds that Plaintiff's claims against the L Makeup Institute are barred by *res judicata* and must be dismissed.

3. <u>Plaintiff's claims against Kyle and Lissette Waugh fail as a matter of law.</u>

Plaintiff's claims against the Waughs are not barred by *res judicata*. The Court must therefore evaluate whether, as Plaintiff pleads them,

---

[3] The Court takes judicial notice of the docket filings in the original state court action. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (explaining that district courts may take judicial notice of matters of public record in reviewing a motion to dismiss).

those claims survive as a matter of law.[4] *See Guidry*, 512 F.3d at 180 (explaining that courts apply the same standard to motions under Rule 12(c) as motions to dismiss under Rule 12(b)(6)).

*a. Breach of Contract*

Plaintiff alleges that the Waughs violated the enrollment agreement governing Plaintiff's enrollment at the L Makeup Institute. But Texas law requires privity of contract to assert a breach of contract claim. A non-party to a contract "typically cannot be sued for breach of that contract." *Fid. Funding Bus. Credit, Ltd. v. Republic Bus. Credit LLC*, Civil Action No. 3:16-cv-2492-B, 2017 WL 4923880, at *2 (N.D. Tex. Oct. 30, 2017) (citing *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 569 (Tex. App.—El Paso 2017, pet. denied)); *see also Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App.—Austin 1982), writ ref'd n.r.e. ("As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract.").

No evidence suggests that Kyle or Lissette Waugh was a party to the enrollment agreement. ECF No. 84 at 11. The contract only names Plaintiff and the Institute as parties and only confers obligations upon them. ECF No. 84 at 11. Because the Waughs are not parties to the agreement, Plaintiff cannot maintain a breach of contract claim against them. Plaintiff's breach of contract claim must be dismissed.

*b. Illegal Lawsuit*

As noted above, Plaintiff's "illegal lawsuit" claim amounts to a claim that the Tarrant County court lacked jurisdiction over the L Makeup Institute's original lawsuit. The Court is unaware of any cause of action that arises solely from filing a lawsuit in an improper venue. Plaintiff's Complaint, however, appears to request the Court to vacate the state court judgment. Defendants argue that the *Rooker-Feldman* doctrine bars such a request. ECF No. 46 at 19.

---

[4] Plaintiff's Complaint does not clarify which of her claims apply to which Defendants. Accordingly, the Court will treat each of her claims as if they were asserted against Defendants Kyle and Lissette Waugh.

The Court agrees. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (cleaned up). Under *Rooker-Feldman*, this Court has no power to review the state court's prior judgment if four elements are met. There must be (1) a state-court loser, (2) alleging harm caused by a state-court judgment, (3) that was rendered before the federal proceedings began, and (4) the federal suit requests review and reversal of the state-court judgment. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017).

Plaintiff's claim meets all four elements. Plaintiff lost in the state court action. She now alleges—in a federal suit filed after the state court judgment requesting reversal of that judgment—that the default judgment is causing her harm. ECF No. 84 at 12. Accordingly, under *Rooker-Feldman*, the Court has no jurisdiction to review her claim. Plaintiff's illegal lawsuit claim must be dismissed.

*c. Discrimination*

Plaintiff asserts a claim for unlawful discrimination under Title VI. ECF No. 84 at 3. But Title VI claims may not be asserted against individual defendants. *Muthukumar v. Kiel*, 478 F. App'x 156, 159 (5th Cir. 2012) ("Title VI permits suits only against public or private entities receiving funds and not against individuals[.]"). To the extent Plaintiff asserts this claim against Kyle or Lissette Waugh, it fails as a matter of law. Accordingly, this claim must be dismissed.

*d. Negligent Infliction of Emotional Distress*

Plaintiff also asserts a claim for negligent infliction of emotional distress. ECF No. 84 at 3. But Texas law does not recognize negligent infliction of emotional distress as an independent tort. *See Boyles v. Kerr*, 855 S.W.2d 593, 595–96 (Tex. 1993) ("[W]e overrule the language of *Garrard* to the extent that it recognizes an independent right to recover for negligently inflicted emotional distress. Instead, mental anguish damages should be compensated only in connection with defendant's breach of some other duty imposed by law."). A plaintiff may

only recover damages for negligent infliction of emotional distress for a defendant's breach of some other legal duty. *Id.*

As explained in the rest of this section, however, Plaintiff fails to state a claim that would permit recovery of such damages. Accordingly, Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

*e. Intentional Infliction of Emotional Distress*

Plaintiff's last claim asserts intentional infliction of emotional distress ("IIED"). ECF No. 84 at 3. Under Texas law, to state an IIED claim, a plaintiff must allege that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) defendant's conduct caused plaintiff emotional distress, and (4) plaintiff's emotional distress was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). Failure to properly allege any one element requires dismissal of the claim.

The Court holds that Plaintiff has failed to plead extreme and outrageous conduct by the Waughs. "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993). The alleged conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman*, 855 S.W.2d at 621.

In support of her IIED claim, Plaintiff only alleges that "Defendant and their attorneys monitor my Instagram and social media sites, and every time something is posted on my social media account, I receive further harassment." ECF No. 75 at 32. Plaintiff's allegation appears to be directed at the L Makeup Institute, rather than the Waughs. Even assuming Plaintiff intended to direct this allegation at the Waughs, it fails to amount to extreme and outrageous conduct.

"[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not state an IIED claim. *Bill Wyly Dev., Inc. v. Smith*, 680 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2023, no

pet.). Elsewhere in her Complaint, Plaintiff more specifically alleges that Lissette Waugh insulted her mother and threatened legal action against her for failing to pay owed tuition. ECF No. 84 at 14. Taking these allegations as true, Defendant Lissette Waugh has only made insults and threatened legal action. Such conduct—while unkind—does not rise to the level of "atrocious[] and utterly intolerable." *Twyman*, 855 S.W.2d at 621.

Because Plaintiff has failed to plead a required element of her claim, Plaintiff's IIED claim must be dismissed.[5]

**B. None of Plaintiff's other arguments avoid dismissal.**

The undersigned agrees with the Magistrate Judge that Defendants' Motion for Judgment on the Pleadings should be granted. In her filings after the Magistrate Judge's FCR, Plaintiff makes a few arguments unrelated to the Magistrate Judge's findings and conclusions. None avoid the dismissal of this case.

1. <u>The Magistrate Judge had jurisdiction over Defendants' Motion.</u>

Plaintiff objects to Magistrate Judge Cureton's jurisdiction over this case. According to Plaintiff, United States Magistrate Judges possess "no legal authority to make dispositive decisions, enter scheduling orders, determine final motions, or alter tracking deadlines in a civil case unless all parties explicitly execute a voluntary, written consent form." ECF No. 85 at 2. Because the Parties did not consent to trial before a Magistrate Judge in a joint status report, Plaintiff says, Magistrate Judge Cureton had no authority to "make decisions or exercise jurisdiction over this case." ECF No. 85 at 2.

This is wrong. With a few exceptions, 28 U.S.C. § 636(b)(1)(A) authorizes District Judges to designate Magistrate Judges to "hear and determine any pretrial matter" pending before the Court. The undersigned has done so by permitting the automatic referral of *pro se*

[5] District courts often afford plaintiffs an opportunity to amend their complaint before dismissing a case for failure to state a claim. In this case, however, the deadline for amending any pleadings has already passed, and the Court does not believe that any amendment or liberal construction of Plaintiff's Complaint will result in a legally cognizable claim.

civil cases to Magistrate Judges. SPECIAL ORDER NO. 3-251, *United States District Court for the Northern District of Texas* (last updated Oct. 20, 2026), https://www.txnd.uscourts.gov/sites/default/files/orders/SO3_251.pdf. The above-captioned case was referred to Magistrate Judge Cureton for pretrial management in accordance with the Court's Special Order. *See* ECF No. 24.

28 U.S.C. § 636(b)(1)(B) further authorizes District Judges to designate a Magistrate Judge to submit "proposed findings and recommendations for the disposition" of motions for judgment on the pleadings. Magistrate Judge Cureton submitted findings and conclusions on Defendants' Motion in accordance with the statute. The Parties declining trial before a Magistrate Judge does not preclude the Magistrate Judge from overseeing a case's pretrial management, including submitting proposed findings and conclusions on a dispositive motion. *See* FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense … The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."). Plaintiff's argument on this point approaches the frivolous. Accordingly, the Court overrules Plaintiff's objection.

2. <u>The state court action did not need to be pursued before the Texas Workforce Commission.</u>

Plaintiff appears to attack the prior state court judgment by arguing that any action should have been brought before the Texas Workforce Commission ("TWC"). Under the Texas Education Code, Plaintiff says, the TWC "holds exclusive administrative jurisdiction over tuition structures, enrollment agreements, and student grievances." ECF No. 85 at 4. As a result, the "underlying state court contract dispute … completely bypassed mandatory state agency remedies." ECF No. 85 at 5.

But Plaintiff cites to no authority to support her claim. On the Court's review, nothing in the Texas Education Code grants the TWC

exclusive jurisdiction over contractual disputes related to cosmetology schools. Such disputes, like most contract disputes between private parties, may be brought before state trial courts. Accordingly, the Court overrules Plaintiff's objection.

3. *Colorado River* abstention does not apply.

Plaintiff argues that this case must be stayed under the *Colorado River* abstention doctrine. Plaintiff represents that, at some point in September 2026, she filed a bill of review before the Tarrant County court seeking to set aside the prior default judgment entered against her. ECF No. 85 at 5. Because the "state court is actively moving forward on a parallel tracking block to resolve" her bill of review, Plaintiff argues, this Court must stay this case. ECF No. 85 at 5–6.

Taking Plaintiff's representation as true, the Court disagrees. Federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). Only in "exceptional circumstances" may a district court abstain from exercising jurisdiction over a case. *Id.* at 813. In what has come to be called *Colorado River* abstention, a federal court may stay a case if "parallel, duplicative litigation" is ongoing in state court. *Kelly Investment, Inc. v. Continental Common Corp.,* 315 F.3d 494, 497 (5th Cir. 2002) (citation omitted). Courts consider several factors in deciding whether exceptional circumstances require a stay, including the avoidance of piecemeal litigation and the order in which the two forums obtained jurisdiction. *Id.*

The Court does not find that "exceptional circumstances" exist that justify declining to rule on Defendants' dispositive motion. *Colorado River*, 424 U.S. at 813. At the time Plaintiff filed this case, the state court default judgment had been entered over a year prior. ECF No. 84 at 3. At all times this federal case has existed—including right now—the Tarrant County court's final judgment has been in effect. The mere filing of a bill of review does not void that prior judgment. If anything will result in piecemeal litigation, permitting Plaintiff's suit to proceed before this Court will, given that Plaintiff seeks to attack the state

court's prior judgment and assert claims barred by *res judicata*. The Court therefore overrules Plaintiff's objection and declines to stay any decision on Defendants' Motion.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiffs' objections are **OVERRULED**, and the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**. Defendants' Motion for Judgment on the Pleadings (ECF No. 46) is **GRANTED**. The Court further **ORDERS** that:

1. Plaintiff's claims against Defendant Andrea Graham are **DISMISSED without prejudice**;
2. Plaintiff's claims against Defendant The L Makeup Agency and Institute, LLC are **DISMISSED with prejudice**; and
3. Plaintiff's claims against Defendants Kyle and Lissette Waugh are **DISMISSED with prejudice**.

All pending motions in this case are hereby **DENIED as moot**.

**SO ORDERED** on this **17th day** of **November 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE